IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
                                  :
ADOL T. OWEN-WILLIAMS, II
                                  :

    v.                            :  Civil Action No. DKC 18-0439

                                  :

MICHAEL L. HIGGS, JR., ESQ.,
et al.                            :
```

**MEMORANDUM OPINION**

Two motions are presently pending and ready for resolution in this civil rights action. Plaintiff Adol T. Owen-Williams, II ("Plaintiff") filed a motion for judgment, default judgment and/or declaratory judgment in this civil rights action on May 4, 2018. (ECF No. 8). Defendants Michael L. Higgs, Jr., Katja Bullock, Mark Uncapher, Richard Hansin, Joseph Gillin and the Montgomery County Republican Central Committee ("Defendants") filed a motion to dismiss on May 11, 2018.[1] (ECF No. 11). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. Because Plaintiff's First Amendment claim is barred under the *res judicata* doctrine and in any event fails to demonstrate necessary state action, that claim will be

---

[1] Plaintiff's complaint names two additional defendants, Rakeshkumar Patel and Brad Botwin, who have not appeared in this case and did not join in filing the motion to dismiss. (ECF Nos. 1, at 1-2; 11, at 1). Because Plaintiff's complaint will be dismissed on grounds equally applicable to them, their lack of participation is of no moment.

dismissed for failure to state a claim. There is no independent basis for federal jurisdiction over Plaintiff's supplemental state law claims and the court declines to consider them. Accordingly, all of Plaintiff's claims will be dismissed.

## I. Background

Plaintiff filed a complaint on February 12, 2018, alleging that some of the Defendants violated his First Amendment Rights under 42 U.S.C. § 1983. (ECF No. 1, at 26-28). Plaintiff also asserts eight state law claims, including false arrest, false imprisonment, malicious prosecution, abuse of process, assault, defamation, breach of contract, and intentional infliction of emotional distress. (*Id.*, at 17-33).

Plaintiff's claims stem from his long-standing involvement in the Montgomery County Republican Central Committee (the "MCRCC"). (ECF No. 1, at 2). Plaintiff states that the MCRCC named Plaintiff as the MCRCC's nominee to sit on the Board of Elections, but his nomination did not come to fruition because it was not approved by then Governor Martin O'Malley. (*Id.*, at 5). He claims that, in lieu of a seat on the Board of Elections, the MCRCC offered Plaintiff the position of MCRCC Liaison to the Board of Elections. Plaintiff alleges that when he accepted this alternative assignment, the MCRCC promised to elevate him as nominee to the Board of Elections if a Republican later assumed the Governorship

in Maryland. Plaintiff accepted the role of liaison and attended Board of Election meetings for four years in that capacity.

Defendant Michael Higgs ("Higgs") allegedly joined the MCRCC in Fall, 2012 and, by the end of his first year on the MCRCC, negotiated an agreement with then chairman Mark Uncapher wherein Higgs would succeed Uncapher as chairman. (*Id.*, at 5-6). The remainder of Plaintiff's complaint explains how Higgs and other members of the MCRCC mistreated Plaintiff, attempted to limit Plaintiff's participation in the MCRCC, and barred Plaintiff from entering the MCRCC headquarters. (*Id.*, at 6-17).

Plaintiff filed a motion for judgment, default judgment and/or declaratory judgment on May 4, 2018, seeking default judgment in the amount of $10,300,000 "pursuant to Rule 8 [§§] 1254 & 1255." (ECF No. 8, at 2-3). Defendants filed a motion to dismiss the case with prejudice, enjoin new case filings, and requested attorneys' fees and costs on May 11, 2018. (ECF No. 11). Defendants request dismissal under Federal Rule of Civil Procedure 12(b)(1) based on lack of subject matter jurisdiction. Defendants also seek dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted because Plaintiff's § 1983 claim is precluded under the doctrine of *res judicata* and Defendants do not qualify as state actors. (ECF No. 12, at 2-5). Finally, because Plaintiff has filed two nearly identical cases

against Defendants, they also request an injunction barring Plaintiff from filing future cases against them. (*Id.*, at 11-12).

## II. Analysis

### A. Motion to Dismiss

A motion to dismiss for lack of subject matter jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(1). Generally, "questions of subject matter jurisdiction must be decided 'first, because they concern the court's very power to hear the case.'" *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 442 n.4 (4th Cir. 1999) (quoting 2 James Wm. Moore, et al., Moore's Federal Practice § 12.30[1] (3rd ed. 1998)). The Plaintiff always bears the burden of proving that subject matter jurisdiction properly exists in federal court. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). According to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Courts must "look no farther than the plaintiff's complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction under 28 U.S.C. § 1331." *Custer v. Sweeney*, 89 F.3d 1156, 1165 (4th Cir. 1996). Plaintiff's complaint asserts one federal cause of action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his First Amendment rights.

Because Plaintiff's § 1983 claim arises under federal law, it satisfies the requirements of subject-matter jurisdiction.

The sufficiency of Plaintiff's complaint must also be assessed under Rule 12(b)(6). *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873

(4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

Ordinarily, an affirmative defense, such as *res judicata*, which must be raised and established by the defense, is an inappropriate consideration on a motion to dismiss. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 46 (4th Cir. 2007). On the other hand, "[i]n the limited circumstances where the allegations of the complaint give rise to an affirmative defense, the defense may be raised under Rule 12(b)(6), but only if it clearly appears on the face of the complaint." *Richmond, Fredericksburg & Potomac R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1983) (citation omitted). Moreover:

> [Although] an affirmative defense such as *res judicata* may be raised under Rule 12(b)(6) "only if it clearly appears on the face of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), when entertaining a motion to dismiss on the ground of *res judicata*, a court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact, *see Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992); *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984); *Briggs v. Newberry County Sch. Dist.*, 838 F.Supp. 232, 234 (D.S.C. 1992), aff'd, 989 F.2d 491 (4th Cir. 1993) (unpublished).

*Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000), *cert. denied*, 534 U.S. 840 (2001). "Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). For a prior judgment to bar an action on the basis of *res judicata*, the prior judgment must be final, on the merits, and rendered by a court of competent jurisdiction in accordance with due process; the parties in the two actions must be either identical or in privity; and the claim in the second action must be based upon the same cause of action involved in the earlier proceeding. *See Grausz v. Englander,* 321 F.3d 467, 472 (4th Cir. 2003).

Plaintiff brought a similar case in 2015 that, when viewed in combination with Plaintiff's complaint here, fulfills all three requirements of *res judicata*. First, dismissal of Plaintiff's 2015 claim with prejudice under Rule 12(b)(6) constituted a final judgment on the merits. *See Owen-Williams v. Higgs*, No. CIV.A. RWT-15-1811, 2015 WL 4578421, at *2 (D.Md. July 27, 2015). That case was brought by Plaintiff against Michael Higgs, Katja Bullock, Rakeshkumar Patel, Mark Uncapher, and the MCRCC. A dismissal for failure to state a claim is an adjudication on the merits. *McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009).

Second, the Defendants named in the First Amendment claim here are identical to those named in Plaintiff's prior suit, namely Michael Higgs, Rakeshkumar Patel, Katja Bullock, and Mark Uncapher. To the extent that he intended to include "other members of the MCRCC," those parties would be in privity with the earlier named parties.

> Privity is a term without any "generally prevailing definition * * * which can be automatically applied to all cases involving the doctrine of res judicata," *Heaton v. Southern Ry. Co.*, 119 F.Supp. 658, 660 (W.D.S.C.1954). It has been appropriately described as "an elusive concept, without any precise definition of general applicability * * * (which in essence) designates (for res judicata purposes) a person so identified in interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved," *Jefferson School of Social Science v. Subversive Act. Com. Bd.*, 331 F.2d 76, 83 (D.C.Cir.1963). Or, as the Court similarly declared in *Aerojet General Corp. v. Askew*, 511 F.2d 710, 719 (5th Cir. 1975), cert. denied 423 U.S. 908, 96 S.Ct. 210, 46 L.Ed.2d 137, the term is sufficiently inclusive "under the federal law of res judicata (that) a person may be bound by a judgment even though not a party if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative." Perhaps, however, the most apt definition of "privity" in this connection was that phrased by Judge Goodrich in his concurring opinion in *Bruszewski v. United States*, 181 F.2d 419 at 423 (3d Cir.) cert. denied, 340 U.S. 865, 71 S.Ct. 87, 95 L.Ed. 632 (1950):
>
> "Privity states no reason for including or excluding one from the estoppel of a judgment.

It is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata."

*Nash County Bd. of Ed. V. Bitmore Co.*, 640 F.2d 484, 493-94 (4th Cir. 1981) (case names italicized).

Third, Plaintiff's pending § 1983 claim here is based upon the same cause of action as his 2015 claim, namely that defendants violated his First Amendment rights during his involvement in the MCRCC.[2] *Res judicata* "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131 (1979).

Therefore, *res judicata* bars Plaintiff's § 1983 claim against Defendants.

Plaintiff's complaint also fails to meet the state actor requirement of 42 U.S.C. § 1983. Under § 1983, the alleged

---

[2] Federal courts have adopted the "transaction test" to determine the identity of the causes of action. *See Adkins v. Allstate Ins. Co.*, 729 F.2d 974, 976 (4th Cir. 1984). Under this test, claims are considered a part of the same cause of action when they arise out of the same transaction or series of transactions. In making this determination, courts consider such pragmatic factors as "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *See* Restatement (Second) of Judgments § 24(2) (1982). Claims may also arise out of the same transaction or series of transactions even if they involve different harms or different theories or measures of relief. *Id.*

"conduct must be 'fairly attributable to the State.'" *DeBauche v.*
*Trani*, 191 F.3d 499, 506 (4th Cir. 1999) (quoting *Lugar v. Edmondson*
*Oil* Co., 457 U.S. 922, 937 (1982)); *see also United States v.*
*Price*, 383 U.S. 787, 794, n.7 (1966) ("In cases under [§] 1983,
'under color' of law has consistently been treated as the same
thing as the 'state action' required under the Fourteenth
Amendment."). The accused party must be a state official or engage
in an activity that is dominated by governmental authority and
results in a "close relationship with state actors." *DeBauche*,
191 F.3d at 506. A close relationship is characterized by "a
sufficiently close nexus between the State and the challenged
action of the regulated entity so that the action of the latter
may be fairly treated as that of the State itself." *Am. Mfrs.*
*Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999) (quoting *Jackson*
*v. Metro. Edison Co*., 419 U.S. 345, 351 (1974)); *see also Blum v.*
*Yaretsky*, 457 U.S. 991, 1004 (1982) (finding that a sufficiently
close nexus exists when the State "has exercised coercive power or
has provided such significant encouragement, either overt or
covert, that the choice must in law be deemed to be that of the
state"). The United States Court of Appeals for the Fourth Circuit
has enumerated four scenarios where a private party qualifies as
a state actor:

> (1) when the state has coerced the private
> actor to commit an act that would be

10

> unconstitutional if done by the state; (2)
> when the state has sought to evade a clear
> constitutional duty through delegation to a
> private actor; (3) when the state has
> delegated a traditionally and exclusively
> public function to a private actor; or (4)
> when the state has committed an
> unconstitutional act in the course of
> enforcing a right of a private citizen.

*Andrews v. Fed. Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir. 1993).

Defendants' alleged First Amendment violations do not qualify as state actions. While the Supreme Court established that a political organization can qualify as a state actor in *Terry v. Adams*, 345 U.S. 461 (1953), lower courts have since clarified that the state actor label applies to political organizations only when the organization is "sufficiently involved . . . in the operation of primary elections." *Valenti v. Pa. Democratic State Comm.*, 844 F.Supp. 1015, 1017 (M.D.Pa. 1994); *see also Banchy v. Republican Party of Hamilton Cty.*, 898 F.2d 1192, 1196 (6th Cir. 1990) (stating that a political club is a state actor when "acting under color of state law insofar as they had been assigned an integral part in the election process" and holding that election of political party officers did not constitute such state action); *White-Battle v. Democratic Party of Va.*, 323 F.Supp.2d 696, 708 (E.D.Va. 2004), *aff'd*, 134 F.App'x 641 (4th Cir. 2005) (The Norfolk City Democratic Committee was not a "state actor for purposes of § 1983 liability"

in Plaintiff's action arising "out of the Plaintiff's failed attempts to become the Democratic nominee in the election for the Clerk of the Norfolk Circuit Court."). Plaintiff contends that Defendants prevented him from participating in the MCRCC's ongoing events and speaking at the Annual Public Leadership Vote, contributed to his unlawful arrest, and removed him from the MCRCC altogether. (ECF No. 1, at 7-16). The allegations described in Plaintiff's complaint do not suffice to show that the MCRCC and its members acted on behalf of or under state direction or law. Plaintiff's claims arise from the internal affairs of the MCRCC and, as this court already clarified, "the court will not elevate the internal conflicts of the MCRCC to a constitutional level." *Owen-Williams v. Higgs*, 2015 WL 4578421, at *2. Because Plaintiff's § 1983 claim is barred under *res judicata* and fails to allege conduct attributable to the state, it is dismissed with prejudice according to Rule 12(b)(6).

The remainder of Plaintiff's claims arise under state law, and there is no independent basis for federal jurisdiction. Plaintiff is unable to demonstrate that his state claims fall within federal subject matter jurisdiction based on diversity of citizenship.[3] Under 28 U.S.C. § 1367(c)(3), the court may decline

---

[3] According to 28 U.S.C. §1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is

to exercise supplemental jurisdiction over state law claims if the court "has dismissed all claims over which it has original jurisdiction[.]" *Bigg Wolf Disc. Video Movie Sales, Inc. v. Montgomery Cty., Maryland*, 256 F.Supp.2d 385, 400 (D.Md. 2003). In *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966), the Supreme Court cautioned that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." The Supreme Court went on to say that "if the federal claims are dismissed before trial . . . state claims should be dismissed as well." *Id.; see also Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 617 (4th Cir. 2001)("[W]e conclude that under the authority of 28 U.S.C. § 1367(c), authorizing a federal court to decline to exercise supplemental jurisdiction, a district court has inherent power to dismiss the case, or, in cases removed from State court, to remand, provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met.").

Because Plaintiff's § 1983 claim, over which the court has original jurisdiction, is dismissed for failure to state a claim, the court declines to exercise supplemental jurisdiction over the

---

between—citizens of different states." Plaintiff's state claims lack diversity of citizenship because Plaintiff and Defendants are citizens of Maryland. (ECF No. 1, at 1-2).

remaining state law claims. They will be dismissed without prejudice.

**B.    Motion for Sanctions**

This is the second time Plaintiff has sued the same or similar parties based on allegations relating to the internal affairs of the MCRCC without sufficiently stating a claim. *See Higgs*, 2015 WL 4578421. Defendants request the sanction of a pre-filing injunction enjoining Plaintiff from filing further complaints with the court without first seeking court approval, but provide only a singular case citation in support of their request.

The All Writs Act, 28 U.S.C. § 1651(a) (2000), permits a federal court to restrict access to the courts where it is shown that a litigant is abusing that right through the repeated filing of vexatious and malicious complaints. *See Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812 (4th Cir. 2004). District courts have inherent power to control the judicial process and to redress conduct that abuses that process, *Silvestri v. General Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001) (citation omitted), and there are no exceptions for self-represented litigants, *see Haggins v. Tarwater*, 2013 WL 1319400, *1 (W.D.N.C. 2013). However, "use of such measures against a *pro se* plaintiff should be approached with particular caution." *Cromer*, 390 F.3d at 818 (quoting *Pavilonis v. King,* 626 F.2d 1075, 1079 (1st Cir. 1980).

14

Issuance of a pre-filing injunction against any party requires consideration of four factors:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Cromer*, 390 F.3d at 818 (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2ᵈ Cir. 1986)). A pre-filing injunction is generally warranted where "a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Safir*, 792 F.2d at 24.

Plaintiff's litigation history certainly presents a record of vexatious, harassing and duplicative lawsuits. In the United States District Court for the District of Maryland alone, Plaintiff has filed at least eleven suits that were all resolved by remand, dismissal, or summary judgment.[4] Plaintiff has a pattern of

---

[4] Plaintiff has brought the following cases in the United States District Court for the District of Maryland since 2009: *Owen-Williams v. Montgomery County Circuit Court*, PJM-09-2076 (D.Md. Aug. 6, 2009); *Owen-Williams v. Sallah*, No. CIV.A. DKC-09-2670, 2009 WL 3615081 (D.Md. Oct. 27, 2009); *Owen-Williams v. Palmer,* No. PJM 09-2293, 2010 WL 761123 (D.Md. Feb. 26, 2010); *Owen-Williams v. City of Gaithersburg,* No. CIV. PJM 10-185, 2011 WL 53082 (D.Md. Jan. 7, 2011); *Owen-Williams v. City of Gaithersburg,* No. CIV. PJM 11-3354, 2012 WL 3038671 (D.Md. July 24, 2012), aff'd sub nom. *Owen-Williams v. Cyran*, 506 F. App'x 242 (4ᵗʰ Cir. 2013); *Owen-Williams v. Maryland Motor Vehicle Admin. et*

repeatedly suing the same or similar parties asserting the same or similar claims. Plaintiff's duplicative claims continue despite the court's declaration that they are without merit. Consequently, the Circuit Court for Montgomery County has already issued a pre-filing injunction against Plaintiff that prevents him from filing *any* claim without prior court approval, *Owen-Williams v. Sallah et al.*, Case No. 347120 (Mont.Cir.Ct., Md. Nov. 17, 2011), and this court has enjoined Plaintiff from pursuing claims against Montgomery County without prior court approval, *Owen-Williams v. Kwarciany,* No. CV PX-17-1112, 2018 WL 1316228 (D.Md. Mar. 13, 2018), reconsideration denied, No. 8:17-CV-01112-PX, 2018 WL 4108074 (D.Md. Aug. 29, 2018). When issuing the pre-filing injunction against Plaintiff in the Circuit Court for Montgomery County, Judge John Debelius, III appropriately stated that Plaintiff's "repetitive, meritless lawsuits [are] filed without an objective, good faith belief that he [will] prevail." *Id.* Finally, Plaintiff has wasted Defendants' and the court's time and resources by continuing to pursue this litigation. Although Judge

---

*al.*, No. RWT-12-1828 (D.Md. Aug. 9, 2012); *Owen-Williams v. Montgomery County Circuit Court*, PJM-11-2247 (D.Md. Aug. 9, 2012); *Owen-Williams v. Anne Arundel County Circuit Court*, PJM-14-874 (D.Md. Mar. 27, 2014); *Owen-Williams v. Higgs*, No. CIV.A. RWT-15-1811, 2015 WL 4578421 (D.Md. July 27, 2015); *Owen-Williams v. Maryland*, No. CV RDB-18-0001, 2018 WL 3575075 (D.Md. July 25, 2018); *Owen-Williams v. Kwarciany,* No. CV PX-17-1112, 2018 WL 1316228 (D.Md. Mar. 13, 2018), reconsideration denied, No. 8:17-CV-01112-PX, 2018 WL 4108074 (D.Md. Aug. 29, 2018).

Roger Titus already explained to Plaintiff that he "has no § 1983 claim" when Plaintiff filed this very case under a separate case number in 2015, Plaintiff attempts to relitigate the case by filing a new complaint alleging double the counts and naming additional defendants. *Higgs*, 2015 WL 4578421, at *2. For almost a year, Defendants have spent valuable time and money in their efforts to resolve this case. Plaintiff's repetitive and meritless actions indicate that alternative sanctions will not suffice and "exigent circumstances" require the imposition of a pre-filing injunction. *Cromer*, 390 F.3d at 818. A pre-filing injunction is most appropriate because it will limit Plaintiff's ability to file frivolous actions while preserving his access to the court. *See Whitehead v. Viacom,* 233 F.Supp.2d 715, 726 (D.Md. 2002), aff'd sub nom. *Whitehead v. Viacom, Inc.*, 63 F. App'x 175 (4th Cir. 2003) (Plaintiff will maintain the ability to "file lawsuits with leave of the court and an accompanying affidavit.").

Plaintiff has a right to be heard before the recommended pre-filing injunction is entered. *See Cromer*, 390 F.2d at 819-20 (stating that a court must give a litigant notice and the right to be heard before entering a pre-filing injunction). Plaintiff received notice that the court may issue a pre-filing injunction against him when Defendants requested such in their motion to dismiss. (ECF Nos. 11 & 12). Plaintiff did not respond to

Defendants' motion. Out of an abundance of caution and noting Plaintiff's *pro se* status, Plaintiff is advised that this court is inclined to enjoin him from instituting any new civil cases against defendants Michael Higgs, Katja Bullock, Rakeshkumar Patel, Mark Uncapher, Richard Hansin, Brad Botwin, Joseph Gillin and the MCRCC relating to Plaintiff's former involvement in the MCRCC without first obtaining approval from the United States District Court for the District of Maryland. Plaintiff is provided 14 days to show cause as to why the court should not issue the injunction.

Defendants also seek attorneys' fees and costs. Defendants cite no authority for this relief. The court's authority to issue such sanctions arises under Fed.R.Civ.P. 11, 28 U.S.C. § 1927 and inherently according to *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991). Each mechanism presents its own requirements.

Sanctions may be issued under Rule 11 (b)(1) & (2) "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," or if Plaintiff's claims are not "warranted by existing law." Procedurally, Rule 11(c)(2) requires the party seeking sanctions to move for sanctions "separately from any other motion and [] describe the specific conduct that allegedly violates Rule 11(b)." Before issuing sanctions, the court must also afford the offending party "notice and a reasonable opportunity to be heard." Fed.R.Civ.P. 11(c)(1).

18

Defendants request for attorneys' fees and costs is included in the same motion as their request for dismissal and thus cannot be granted under Rule 11 because they did not comply with the requirements of Rule 11(c)(2).

28 U.S.C. § 1927 provides that: "Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." § 1927 requires "a finding of counsel's bad faith as a precondition to the imposition of fees." *Brubaker v. City of Richmond*, 943 F.2d 1363, 1382 n.25 (4th Cir. 1991). The United States Court of Appeals for the Fourth Circuit has not clarified whether § 1927 applies to *pro se* parties. Other courts of appeals have reached conflicting outcomes on the issue. *Compare Sassower v. Field*, 973 F.2d 75 (2d Cir. 1992) (finding that § 1927 sanctions applied to a *pro* se plaintiff only because the plaintiff was also a lawyer), *with Wages v. I.R.S.*, 915 F.2d 1230, 1235 (9th Cir. 1990) ("Section 1927 sanctions may be imposed upon a pro se plaintiff[.]"). This district previously held, albeit in an unpublished decision, that § 1927 does not apply to a *pro se* party. *See Impactoffice LLC v. Hard*, No. CV DKC 16-1675, 2016 WL 6600547, at *2 (D.Md. Nov. 8, 2016) ("[S]anctions pursuant to § 1927 . . .

19

may only be imposed on counsel[.]"). Consequently, sanctions under § 1927 are inapplicable due to Plaintiff's *pro se* status.

Finally, the court may award Defendants attorneys' fees and costs pursuant to the inherent power of the federal courts to sanction bad faith litigants. *See Chambers*, 501 U.S. at 45-46 (noting that courts may impose sanctions where "a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons'" (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975))); *Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980). Such sanctions apply with equal force to counsel or party, *see Blue v. U.S. Dep't of Army*, 914 F.2d 525, 533 (4th Cir. 1990), and require a finding of bad faith, *see Roadway Express, Inc.,* 447 U.S. at 766-67; *Hutto v. Finney*, 437 U.S. 678, 690 n.14 (1978) ("An equity court has the unquestioned power to award attorney's fees against a party who shows bad faith by delaying or disrupting the litigation[.]"); *Brubaker*, 943 F.2d at 1382. The above discussion about Defendants' request for a pre-filing injunction clarifies that Plaintiff has acted in bad faith. The court declines to issue attorneys' fees and costs at this time, however, because sanctions are to be imposed sparingly and Defendant already faces a pre-filing injunction. *See*, *e.g.*, *Jacobs v. Venali, Inc.*, 596 F.Supp.2d 906, 914 n.10 (D.Md. 2009).

**III. Conclusion**

For the foregoing reasons, the motion to dismiss plaintiff's complaint and enjoin new case filings, and request for attorneys' fees filed by Michael L. Higgs, Jr., Katja Bullock, Mark Uncapher, Richard Hansin, Joseph Gillin and the Montgomery County Republican Central Committee will be granted in part and denied in part.  A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
